TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00514-CV






Stephen L. Hopkins, Sr., Appellant



v.



Robert C. Kuehm, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 97-09593, HONORABLE JERRY DELLANA, JUDGE PRESIDING 







 Appellant Stephen L. Hopkins, Sr. sued appellee Robert C. Kuehm for legal
malpractice arising from Kuehm's representation of Hopkins in a divorce proceeding. Kuehm
filed a no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i),
claiming that Hopkins produced no evidence in support of two essential elements of his legal
malpractice claim. The trial court granted Kuehm's motion. On appeal, Hopkins asserts in four
points of error that the trial court erred in granting Kuehm's motion for summary judgment. We
will affirm.


BACKGROUND


 Kuehm represented Hopkins at the nonjury trial of Hopkins's divorce action in
October 1993. On May 17, 1994, following a May 10, 1994 hearing on a motion for judgment,
the trial court signed a draft of a final judgment without the parties' knowledge. A second hearing
on the motion was held on June 28, 1994, at which time the trial court notified counsel that he
mistakenly signed the May 17, 1994 final judgment; he then proceeded to sign a clean form of
judgment provided by one of the parties. Kuehm, representing Hopkins, appealed the June 28
judgment. The court of appeals dismissed the appeal for lack of jurisdiction, concluding that the
May 17 judgment was final.

 Hopkins filed his pro se legal malpractice action against Kuehm on July 8, 1996. 
After the case had been pending for twenty-two months and Hopkins failed to identify an expert
on the issues of liability, causation, and damages in response to Kuehm's written discovery
requests, Kuehm moved for summary judgment under rule 166a(i) on the grounds that there was
no evidence that he was negligent in his representation of Hopkins with respect to Hopkins's
reimbursement claim in the divorce proceeding or that any of the alleged acts or omissions of
negligence by Kuehm was the proximate cause of any damage to Hopkins. The only evidence
offered by Hopkins in response to Kuehm's motion was his own affidavit. Kuehm asserted several
objections to the affidavit on the grounds that certain statements were not based on personal
knowledge and that Hopkins was not competent or qualified to make statements of opinions on
issues of law. 

 A hearing on the summary judgment motion was held on June 11, 1998, which
Hopkins did not attend. Following the hearing, the trial court sustained Kuehm's objections,
striking those portions of the affidavit as part of Hopkins's summary judgment evidence, and
granted Kuehm's motion for summary judgment, rendering a take-nothing judgment against
Hopkins.

DISCUSSION


 Courts of appeals review no-evidence summary judgments under rule 166a(i) (1) with
the same legal sufficiency standard applied to directed verdicts. See Moore v. K Mart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, no pet.); Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.). "Like a directed verdict, then, the task of the
appellate court is to determine whether the plaintiff has produced any evidence of probative force
to raise fact issues on the material questions presented." Jackson, 979 S.W.2d at 70. All
evidence must be considered in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, with every reasonable inference indulged and any doubts
resolved in favor of the nonmovant. Id.

 A trial court properly grants a no-evidence summary judgment when the nonmovant
fails to bring forth more than a scintilla of evidence to raise a genuine issue of material fact as to
one or more essential elements of the nonmovant's claim on which the nonmovant would have the
burden of proof at trial. See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997), cert. denied, 118 S. Ct. 1799 (1998); Jackson, 979 S.W.2d at 70-71; Tex. R. Civ.
P. 166a(i). More than a scintilla of evidence exists if the evidence rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions. See Havner, 953 S.W.2d
at 711; Jackson, 979 S.W.2d at 71. When the evidence is "so weak as to do no more than create
a mere surmise or suspicion" of a fact, then less than a scintilla of evidence exists, and the legal
effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983);
Jackson, 979 S.W.2d at 71.


Adequate time for discovery

 In his third point of error, Hopkins contends that the trial court erred in granting
the no-evidence summary judgment motion before adequate time for discovery had been allowed. 
Twenty-two months passed between Hopkins's filing of his original petition and Kuehm's filing
of the no-evidence summary judgment motion. Hopkins did not object that there was inadequate
time for discovery, nor did he file a motion for continuance requesting additional time for
discovery. He raises this issue for the first time on appeal. Accordingly, he has waived error on
the issue. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex.1979); see
also McConnell v. Southside I.S.D., 858 S.W.2d 337, 343 (Tex. 1993). Hopkins's third point of
error is overruled.


Hopkins's affidavit

 Hopkins contends in his second point of error that the trial court improperly
sustained Kuehm's objections to certain portions of his affidavit filed in response to Kuehm's no-evidence summary judgment motion. Specifically, Hopkins argues that the opinions and
conclusions he makes in his affidavit do not require expert knowledge because, under the facts of
this case, the issue of negligence is sufficiently clear so as to be determinable by a layperson or
concluded as a matter of law, whether or not the breach of duty involves a complex legal issue
requiring expert explanation. We disagree.

 Texas Rule of Civil Procedure 166a(f) requires that in summary judgment
proceedings, supporting and opposing affidavits "shall be made on personal knowledge, shall set
forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant
is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). When a party relies
on expert testimony, this requirement includes proof of the expert's qualification. See United
Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). Hopkins's affidavit contains matters
that are not within his personal knowledge and includes numerous statements of legal opinion and
conclusion. He includes no proof of his qualification to testify on these matters. We therefore
conclude that the trial court properly sustained Kuehm's objections and struck those portions of
the affidavit as inadmissible. The second point of error is overruled.


Sufficiency of summary judgment evidence

 In his first and fourth points of error, Hopkins asserts that the trial court erred in
granting Kuehm's no-evidence summary judgment motion because (1) Kuehm's challenges to the
evidentiary support for the elements of the legal malpractice claim are conclusory and general, and
(2) Hopkins presented sufficient evidence to raise a genuine issue of material fact. Rule 166a(i)
requires that "[t]he motion must state the elements as to which there is no evidence." Tex. R.
Civ. P. 166a(i). Kuehm's motion specifically challenges both the evidence regarding his alleged
negligent representation as to Hopkins's reimbursement claim and the element of causation. We
conclude that Kuehm's motion is appropriately specific. See In re Mohawk Rubber Co., 982
S.W.2d 494, 497 (Tex. App.--Texarkana 1998, orig. proceeding); see generally Works v.
Arlington Memorial Hosp., 782 S.W.2d 309, 311 (Tex. App.--Dallas 1989, writ denied). 

 Rule 166a(i) also provides that, in response to a no-evidence summary judgment
motion, the respondent must present some summary judgment evidence raising a genuine issue of
material fact on the element attacked, or the motion must be granted. See Tex. R. Civ. P. 166a(i).
To prevail on his legal malpractice claim, Hopkins must prove that (1) Kuehm owed Hopkins a
duty, (2) Kuehm breached that duty, (3) the breach proximately caused the Hopkins's injuries,
and (4) damages occurred. See Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995)
(citing Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex. 1989)). The only evidence Hopkins
submitted in support of his response to Kuehm's no-evidence summary judgment motion was his
affidavit. Having concluded that the trial court properly excluded the bulk of Hopkins's opinion
and conclusory statements in his affidavit, we conclude that Hopkins has provided no evidence on
the elements of causation and negligence. We therefore overrule Hopkins's first and fourth points
of error.

CONCLUSION


 Having overruled Hopkins's four points of error, we affirm the trial court's
judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 30, 1999

Do Not Publish
1. Rule 166a(i) provides as follows:


 (i) No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is not evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. The
motion must state the elements as to which there is no evidence. The court must
grant the motion unless respondent produces summary judgment evidence raising a
genuine issue of material fact.


Tex. R. Civ. P. 166a(i).



d
conclusions he makes in his affidavit do not require expert knowledge because, under the facts of
this case, the issue of negligence is sufficiently clear so as to be determinable by a layperson or
concluded as a matter of law, whether or not the breach of duty involves a complex legal issue
requiring expert explanation. We disagree.

 Texas Rule of Civil Procedure 166a(f) requires that in summary judgment
proceedings, supporting and opposing affidavits "shall be made on personal knowledge, shall set
forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant
is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). When a party relies
on expert testimony, this requirement includes proof of the expert's qualification. See United
Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). Hopkins's affidavit contains matters
that are not within his personal knowledge and includes numerous statements of legal opinion and
conclusion. He includes no proof of his qualification to testify on these matters. We therefore
conclude that the trial court properly sustained Kuehm's objections and struck those portions of
the affidavit as inadmissible. The second point of error is overruled.


Sufficiency of summary judgment evidence

 In his first and fourth points of error, Hopkins asserts that the trial court erred in
granting Kuehm's no-evidence summary judgment motion because (1) Kuehm's challenges to the
evidentiary support for the elements of the legal malpractice claim are conclusory and general, and
(2) Hopkins presented sufficient evidence to raise a genuine issue of material fact. Rule 166a(i)
requires that "[t]he motion must state the elements as to which there is no evidence." Tex. R.
Civ. P. 166a(i). Kuehm's motion specifically challenges both the evidence regarding his alleged
negligent representation as to Hopkins's reimbursement claim and the element of causation. We
conclude that Kuehm's motion is appropriately specific. See In re Mohawk Rubber Co., 982
S.W.2d 494, 497 (Tex. App.--Texarkana 1998, orig. proceeding); see generally Works v.
Arlington Memorial Hosp., 782 S.W.2d 309, 311 (Tex. App.--Dallas 1989, writ denied). 

 Rule 166a(i) also provides that, in response to a no-evidence summary judgment
motion, the respondent must present some summary judgment evidence raising a genuine issue of
material fact on the element attacked, or the motion must be granted. See Tex. R. Civ. P. 166a(i).
To prevail on his legal malpractice claim, Hopkins must prove that (1) Kuehm owed Hopkins a
duty, (2) Kuehm breached that duty,