Catherine P. DARNELL, Plaintiff,

v.

NORTHERN CAN SYSTEMS,
INC., Defendant.

No. 5:93 CV 1947.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 22, 1995.

Ronald George Macala, Green, Haines, Sgambati, Murphy & Macala, Canton, OH, for plaintiff.

James N. Foster, Jr., Thomas E. Berry, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, Kevin Young, Martindale & Brzytwa, Cleveland, OH, for defendant.

## ORDER

SAM H. BELL, District Judge.

Currently pending before the court is defendant's motion for summary judgment (docket # 21). Plaintiff, Catherine Darnell, instituted this action to recover from her former employer, Northern Can Systems, for its allegedly sexually discriminatory failure to hire her as a packer after layoff as a quality assurance inspector.

## I. BACKGROUND

From Spring 1989, until her layoff on April 16, 1993, plaintiff Catherine Darnell worked as a quality assurance inspector for defendant, Northern Can Systems. (Darnell aff. ¶ 6, 7). Northern Can manufactures metal lids for the canning and metal container industry. Defendant employs individuals in job classifications including press operators, packers, quality assurance inspectors, fork lift drivers, electricians, maintenance employees, machine shop employees, tool inspectors, supervisors, shipping clerks and tool crib attendants. Ms. Darnell's title was always quality assurance inspector. (Darnell aff. ¶ 7). While working as a quality assurance inspector, however, plaintiff would relieve packers during their breaks, absences, and lunch periods. (Darnell aff. ¶ 11). A packer is an entry level position at Northern Can involving "bagging ends, pelletizing, clearing

jams, cleaning the liner, and completing paperwork." (Darnell aff. ¶ 10).

In May 1991, plaintiff was laid off from her position as a quality assurance inspector, but was called back less than six weeks later. (Darnell aff. ¶ 14, 16). Plaintiff was again laid off on April 16, 1993, and was never called back (Darnell aff. ¶ 17, 18). As she did when previously laid off, plaintiff requested, in lieu of layoff, that she be transferred into a packing position. *Id.* Ms. Darnell made this request believing that the provisions of the employee handbook indicated that she was entitled to such treatment. *Id.*

Defendant's handbook provides the following with respect to layoff:

> Employees who are then affected by the reduction shall be allowed to bump an employee of lesser seniority in classifications other than their own on a plant wide basis, if the senior employee has prior experience in the performance of that work at NorTech.

(Def. Ex. G p. 9). With respect to this policy, where a "senior employee is laid off and has neither worked previously in a lower classification or otherwise has not been fully trained to perform the duties of a lower classification, the senior employee is not permitted to displace the junior employee." (Bogovich aff. ¶ 3). According to defendant, this is precisely the situation in which Ms. Darnell found herself at the time of layoff: "Because Ms. Darnell had never worked on a full time basis as a packer, she was not considered by Northern Can to be qualified to seek a transfer or bump to the packer classification in lieu of layoff." (Bogovich aff. ¶ 6).

Plaintiff contends, however, that men who were similarly lacking in full time packing experience were permitted to bump into the packer position even though she was denied the same opportunity. Consequently, Ms. Darnell believes she has been discriminated against on the basis of her sex and has filed the instant lawsuit. Defendant now moves this court for summary judgment on plaintiff's claims.

## II. *STANDARD OF REVIEW*

The Court of Appeals for the Sixth Circuit recently summarized the standard of review governing motions for summary judgment under Federal Rule of Civil Procedure 56:

> Summary judgment is appropriate where "there is no genuine issue of material fact ... and the moving party is entitled to judgment as a matter of law." ....
> [The] court must view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party.
>
> The moving party has the burden of conclusively showing that no genuine issue of material fact exists. Nevertheless, in the face of a summary judgment motion, the nonmoving party cannot rest on its pleadings but must come forward with some probative evidence to support its claim.
>
> "By its very terms, this standard provides that the existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." The dispute must be genuine and the facts must be such that if they were proven at trial, a reasonable jury could return a verdict in favor for the nonmoving party. If the disputed evidence "is merely colorable or is not significantly probative, summary judgment may be granted."

*LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993) (citations omitted). With this standard in mind, the Court shall analyze the defendant's present motion.

## III. *LAW AND ANALYSIS*

Defendant contends that plaintiff cannot present enough evidence to create a genuine issue of material fact with respect to her discrimination claim.

 Absent direct evidence of discriminatory intent, claims of discrimination brought under Title VII, 42 U.S.C. § 2000e *et seq.*, must be analyzed within the framework articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct.. 1817, 36 L.Ed.2d 668 (1972) and *Texas Department of*

*Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992); *Terbovitz v. Fiscal Court of Adair County,* 825 F.2d 111, 114–15 (6th Cir.1987). The *McDonnell Douglas/Burdine* formula allows the plaintiff to create the inference of discrimination by establishing a prima facie case. In order to make this prima facie case, the plaintiff must show that (1) she was a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for the position, and (4) either that she was replaced by someone outside the protected class or that " 'a comparable non-protected person was treated better' " than she was. *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1081 (6th Cir.1994); *Mitchell v. Toledo,* 964 F.2d at 582. If the plaintiff makes a prima facie case, the burden of production shifts to the defendant to produce evidence of a nondiscriminatory reason for its action. *Manzer,* 29 F.3d at 1082 (citing *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094). Once the defendant offers a nondiscriminatory explanation, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered explanation is a mere pretext for discrimination. *Id.*

Defendant argues not only that plaintiff has insufficient evidence to prove all the elements of her prima facie case, but also that plaintiff cannot produce evidence from which a jury could find that defendant's explanation for its refusal to hire plaintiff as a packer was pretextual. Plaintiff claims to present sufficient evidence both to make out her prima facie case and to show pretext.

■ There is no question that plaintiff can prove the first two elements. Ms. Darnell, a female, clearly belongs to a protected class. Furthermore, there exists ample evidence of the second prong—that Ms. Darnell was subject to an adverse employment action—as she clearly was laid off and not permitted to come back to work in a lower classification. Thus, the first two prongs are satisfied.

■ The third prong requires that Ms. Darnell present some evidence that she was qualified for the position from which she claims she was discriminatorily excluded.

Defendant contends that Ms. Darnell's lack of qualification was the precise reason she was not retained as a packer—"[b]ecause she had never worked on a full time basis as a packer, she was not considered . . . qualified to seek a transfer or bump to the packer classification in lieu of layoff." (Bogovich aff. ¶ 6). Apparently, defendant has determined that in order to be "qualified" to bump into a position, one must have performed in the position on a full time basis in the past.

Plaintiff attempts to create a factual issue with respect to her qualification for the position with evidence that she had worked as a packer during her tenure with defendant. Defendant, however, does not dispute that plaintiff had some experience as a packer; defendant simply maintains that this experience was insufficient to qualify plaintiff to bump. Moreover, defendant does not argue that plaintiff would be incapable of performing in the packer position. Defendant's position remains, however, that the person desiring to bump must have full time experience in the position to which they desire to move. Creating such a requirement is certainly within the employer's discretion, and Ms. Darnell failed to meet this requirement. Accordingly, the court finds that plaintiff has not demonstrated the existence of a genuine issue of material fact with respect to her qualifications to bump into the packer position.

■ Even if plaintiff had created a genuine issue with respect to the third element of her prima facie case, plaintiff would still fail to survive summary judgment, because she has not shown the existence of a material factual question with respect to the fourth element. Plaintiff addresses the fourth element by attempting to show that similarly situated nonprotected individuals—namely, David Krider—were treated differently than she was.

Plaintiff contends that David Krider, a male employee, was permitted to bump into the packer position with little to no packing experience. Defendant counters that, unlike plaintiff, David Krider did meet its qualifications for bumping into the packing position. Essentially, defendant maintains that David

Krider had previously worked full-time as a packer, thus giving him the qualifications that Ms. Darnell lacked. In support of this contention, defendant first offers Krider's affidavit, which explains that while working for defendant as a fork lift driver, there were times when the workload was so low that his supervisor would assign him to a packer position. (Krider aff. ¶ 5). When assigned, Krider would work entire shifts as a packer "bagging ends, palletizing, clearing jams, cleaning the liner and doing the paperwork." (Krider aff. ¶ 5, 13). Krider's supervisor corroborates Krider's description of his prior experience as a packer, explaining that it was not limited to relief periods and included performing all functions associated with the packer position. (Richardson aff. ¶ 7, 8).

Defendant distinguishes Darnell from Krider because Darnell had more limited experience as a packer. By her own admission, she only worked as a packer for short periods to relieve other packers for breaks and lunches. Defendant's director of personnel claims that at no time during his tenure "had [such] temporary relief experience ever been considered sufficient full time experience to render an employee qualified to transfer/bump into another job classification." (Bogovich aff. ¶ 15). Consequently, Catherine Darnell was not permitted to bump into the packer position while David Krider was.

Plaintiff attempts to demonstrate the existence of a factual issue with respect to the fourth element of the prima facie case by showing David Krider did not have the experience as a packer that defendant, Krider, and Krider's supervisor claim he had. In fact, plaintiff claims that Krider had less experience as a packer than she did. Plaintiff supports her claim that David Krider lacked experience with her own deposition testimony and with several affidavits.

Plaintiff's deposition contains the following allegations: (1) David Krider had no prior packing experience, (2) David Krider told plaintiff that he had no packing experience, (3) David Krider told plaintiff that he had never trained as a packer, (4) plaintiff's review of Krider's personnel file yielded no indication that Krider had ever packed, (5) plaintiff never saw David Krider packing, and (6) David Krider told plaintiff that he had packed for no more than ten minutes. (Darnell dep. I p. 95, II pp. 6, 8, 88, III pp. 45, 55). Plaintiff's unsupported allegations that David Krider had no packing experience are insufficient to create a genuine factual question with respect to this issue. Likewise, without evidence to suggest that if Krider had packed, she necessarily would have seen him doing so, plaintiff's testimony that she had never seen Krider pack lacks import. That Krider's packing experience is not noted in his personnel file similarly fails to call his experience into question. Finally, Krider's alleged statements to plaintiff are inadmissible hearsay and cannot be considered.

In addition to her deposition, plaintiff also offers her affidavit and the affidavits of former co-workers Judy Paugh, John Adams, and Jerry Moore, in which each claims to have "never observed" or to "have no recollection of" David Krider working as a packer. (Darnell aff. ¶ 20, Paugh aff. ¶ 5, Adams aff. ¶ 6, Moore aff. ¶ 6). This, too, is insufficient to demonstrate the David Krider did not have experience as a full time packer. It shows nothing more than that the affiants never saw Krider pack. Without some evidence attaching significance to their never seeing him working as a packer, the court does not find this evidence tends to create a factual issue.

Finally, plaintiff points the court to Judy Paugh's and her own affidavit, each of which reports that David Krider said that he was permitted to bump into a packer position "without having had prior experience in excess of ten (10) minutes" as a packer. (Darnell aff. ¶ 23, Paugh aff. ¶ 7). These recitations of Krider's alleged statement cannot be considered. Although Federal Rule of Civil Procedure 56(e) permits a party to oppose a motion for summary judgment with supporting affidavits, the Rule requires that such affidavits "set forth facts as would be admissible in evidence." Fed.R.Civ.P. 56(e). Krider's statement is inadmissible, because it is a hearsay statement to which no exception applies.

Plaintiff might argue that David Krider's statement is a nonhearsay admission offered against a party made "by the party's

agent or servant concerning a matter within the scope of the agency or employment." Fed.R.Evid. 801(d)(2)(D). While the statement that he had worked less than ten minutes as a packer is clearly *related* to his work for defendant, this court does not believe his "statement concerned a matter *within the scope of his agency.*" Fed.R.Evid. 801(d)(2)(D); *Hill v. Spiegel,* 708 F.2d 233, 237 (6th Cir.1983). A statement in the scope of one's agency includes those like a managerial employee's comments regarding a subordinate's performance, where that manager's job was to evaluate the employee's performance. *Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 228–29 (6th Cir.1990); *see also Hill v. Spiegel,* 708 F.2d 233 (6th Cir.1983). Krider's alleged statement is of a different ilk. He was working as a packer at the time he allegedly made the statement. As a packer, the scope of Krider's agency extended only to that which he was hired to do, namely, "wrapping bags of can ends and palletizing the product, cleaning the compound liner, clearing any jams and preparing all packer related paperwork." (Richardson aff. ¶ 8). Only statements arising out of or related to the performance of these duties would fall within the ambit of Rule 801(d)(2)(D). The court finds that Krider's comment that he had not previously worked as a packer is not such a statement, thus making it inadmissible hearsay.

■ Beyond the evidence described above, plaintiff offers nothing to demonstrate that she was treated differently than David Krider. In order to meet the requirements of this element, though, plaintiff must show that "for that same or similar conduct, [she] was treated differently than similarly-situated, ... [nonprotected] employees." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992). Moreover, in order to make a comparison of her treatment to that of a nonprotected employee, "plaintiff must show that the 'comparables' are similarly-situated *in all respects.*" *Id.* Thus, she is required to show that there existed no distinguishing characteristics between herself and David Krider, such as would justify the defendant's different treatment of each. *Id.* (citations omitted). Plaintiff produced no facts to establish that she and the employee with whom she

compares herself were similarly situated in all respects. Without such a showing, plaintiff cannot base her claim of discrimination on a comparison of her treatment with his.

While it is undisputed that Catherine Darnell is a member of a protected class and that she was subject to an adverse employment action, Ms. Darnell has failed to present evidence creating a genuine issue of material fact with respect to the remaining elements of her prima facie case. Because plaintiff has produced insufficient evidence to make out her prima facie case, the court finds that defendant is entitled to judgment as a matter of law.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (docket # 21) is granted.

IT IS SO ORDERED.