TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00273-CV







Darling Ivey, Appellant



v.



Austin Task, Inc., Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 243404, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING








 Appellant, Darling Ivey, appeals from an order of the County Court at Law of
Travis County granting appellee, Austin Task, Inc. ("ATI"), summary judgment in Ivey's racial-
discrimination and wrongful-termination suit. On appeal, Ivey challenges the judgment only as
to his racial discrimination cause of action. In his only point of error, Ivey urges that the trial
court erroneously granted summary judgment because there are material issues of fact. We will
affirm.


FACTUAL BACKGROUND


 Because this is an appeal from a summary judgment, we will take the evidence
favorable to the nonmovant, Ivey, as true. Ivey asserts that during his employment with ATI, his
white male supervisor, Pat Cavanaugh, assaulted him on the job. He contends that he notified the
President of ATI, Andy Cole, but that, instead of disciplining Cavanaugh, Cole moved Ivey to
another job site. Frustrated that no action against Cavanaugh had been taken by management,
Ivey filed a police complaint against him. Ivey listened while an Austin Police Department assault
detective called Cole on the telephone inquiring about Cole's knowledge of the substance of the
police complaint. The phone call took place before Ivey's dismissal from ATI. After receiving
the call from the APD detective, Cole approached Ivey and questioned him about money that was
allegedly stolen from the new job site where Ivey had been assigned. Ivey told Cole he had not
stolen anything from the new job site and offered to take a lie detector test. Following these
allegations, Ivey was reassigned to yet another job site in a distant part of the city. Ivey testified
it was his belief that he was assigned to this job site with the expectation that he would not be able
to perform his duties at this remote location and would be forced to resign. Ivey, upon being
reassigned, asked for a day off to make arrangements for his children. The request was denied,
and Ivey missed a day of work without permission. Ivey claims he was subsequently fired
because he had filed an assault charge against his white, male supervisor and that missing a day
of work was merely used as a pretext for firing him.

 Ivey filed a discrimination complaint with the Austin Human Rights Commission
on September 5, 1997. The Commission determinated there was not reasonable cause to believe
these allegations had merit and advised Ivey of his right to have the U.S. Equal Employment
Opportunity Commission review the action. The Austin Human Rights Commission also advised
Ivey of his right to file a civil action in state or federal court. Ivey filed suit in state court.


PROCEDURAL BACKGROUND


 ATI's motion for summary judgment was based on the law as applied to the facts
conclusively shown, pursuant to Tex. R. Civ. P. 166a(c), as well as an asserted lack of evidence
of discrimination, pursuant to Tex. R. Civ. P. 166a(i). The trial court's order did not specify the
basis on which the motion was granted. Paragraph (i) of rule 166a provides as follows:


(i) No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on
the ground that there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof
at trial. The motion must state the elements as to which there is no evidence. 
The court must grant the motion unless the respondent produces summary
judgment evidence raising a general issue of material fact.


Tex. R. Civ. P. 166a(i).

 This Court has recently addressed the standards for reviewing a summary judgment
that is based on paragraph (i) of Rule 166a:


A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Like a directed verdict,
then, the task of the appellate court is to determine whether the plaintiff has
produced any evidence of probative force to raise fact issues on the material
questions presented. The appellate court must consider all of the evidence in the
light most favorable to the party against whom the no-evidence summary judgment
was rendered; every reasonable inference must be indulged in favor of the
nonmovant, and any doubts resolved in its favor. A no-evidence summary
judgment is properly granted if the nonmovant fails to bring forth more than a
scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have
the burden of proof at trial. If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their conclusions,
then more than a scintilla of evidence exists. Less than a scintilla of evidence
exists when the evidence is 'so weak as to do no more than create a mere surmise
or suspicion' of a fact, and the legal effect is that there is no evidence.


Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.) (citations
and internal quotation marks omitted); see also Hon. David Hittner & Lynne Liberato, Summary
Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998) (no-evidence summary judgment is
essentially pre-trial directed verdict).


DISCUSSION

 Appellant appeals only the portion of the judgment pertaining to the racial
discrimination cause of action brought pursuant to the Texas Commission on Human Rights Act. (1) 
See Tex. Lab. Code Ann. §§ 21.001-.306 (West 1996 & Supp. 1999). The Act includes among
its express purposes "the execution of the policies of Title VII of the Civil Rights Act of 1964 and
its subsequent amendments (42 U.S.C. Section 2000e et seq.)." Labor Code § 21.001(1); see
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991); Farrington v. Sysco
Food Servs., Inc., 865 S.W.2d 247, 251 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
"The Texas Supreme Court has observed that one of the purposes behind this act is 'the
correlation of state law with federal law in the area of discrimination in employment.'" 
Farrington, 865 S.W.2d at 251; see also Schroeder, 813 S.W.2d at 485. "Accordingly, when
reviewing a case, we may look to federal case law interpreting Title VII when determining the
burdens of proof under the [Texas Commission on Human Rights Act]." Farrington, 865 S.W.2d
at 251; see also Schroeder, 813 S.W.2d at 485; City of Austin v. Gifford, 824 S.W.2d 735, 739
(Tex. App.--Austin 1992, no writ).

 Absent direct evidence of discriminatory intent, claims of racial discrimination must
be analyzed within the framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S.
792 (1972), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See
Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992); Terbovitz v. Fiscal Court of Adair
County, 825 F.2d 111, 114-15 (6th Cir. 1987); Darnell v. Northern Can Sys., 937 F. Supp. 668,
670-71 (N.D. Ohio 1995). "The McDonnell Douglas/Burdine formula allows the plaintiff to
create the inference of discrimination by establishing a prima facie case." Darnell, 937 F. Supp.
at 671. To establish a prima facie case of racial discrimination, a plaintiff must show that: (1)
he was a member of a protected class; (2) he suffered an adverse employment action; and (3) non-protected employees were not treated similarly. See McDonnell Douglas, 411 U.S. at 802;
Farrington, 865 S.W.2d at 251.

 After reviewing the summary judgment record, we conclude that Ivey has failed
to raise a fact issue to support a prima facie case because he has presented no evidence that
similarly situated non-minorities were treated differently. Ivey alleged he was discriminated
against by his employer when he filed a criminal complaint with the Austin Police Department
against his supervisor for assaultive conduct that was not addressed by management of ATI. Yet
in his response to ATI's summary judgment motion, Ivey did not present any evidence that non-minority persons were treated more favorably. Such a lack of evidence is fatal to Ivey's prima
facie case of discrimination. See Horvath v. Dalton, No. C-97-0441 MHP, 1999 U.S. Dist.
LEXIS 165, at *24 (N.D. Cal Jan. 7, 1999); see also Pejic v. Hughes Helicopters, Inc., 840 F.2d
667, 672 (9th Cir. 1988). Because Ivey has failed to provide the court with evidence of the
treatment of any similarly situated employee, and because a careful review of the record reveals
no evidence from which we can infer that he was treated less favorably than others, he has not met
his initial burden of establishing a prima facie case of racial discrimination. (2)


CONCLUSION


 Because Ivey failed to produce evidence supporting a prima facie case in response
to a no-evidence motion for summary judgment under Rule 166a(i), he has not demonstrated a
valid cause of action for a claim of racial discrimination. In light of this holding, we need not
address whether ATI established its right to judgment under rule 166a(c). The judgment of the
trial court is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 12, 1999

Do Not Publish
1. At the time Ivey filed his Petition, he was proceeding pro se. Neither the petition nor
the summary judgment motion explicitly referenced the Texas Commission on Human Rights Act
or any other statute. Since Ivey filed a complaint of discrimination with the Texas Commission
on Human Rights and received a letter giving him notice of his right to bring a private civil action
in state court, we will assume he is pursuing a civil action under that Act. Regardless of whether
we review this appeal pursuant to state or federal law, the outcome is the same because Texas
looks to federal case law in interpreting Title VII when determining the burdens of proof under
the Texas Act.
2. Even if Ivey had produced evidence that non-minority employees were not treated
similarly, there appears to be no summary judgment evidence establishing that Ivey is part of a
protected class, which is a requirement of establishing a prima facie case of racial discrimination.


City of Austin v. Gifford
, 824 S.W.2d 735, 739
(Tex. App.--Austin 1992, no writ).

 Absent direct