NO. 07-02-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 5, 2002

_____

GRANVILLE LASSETER, APPELLANT

V.

COCHRAN COUNTY, TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF COCHRAN COUNTY;

NO. 00-06-3648; HONORABLE ANDY KUPPER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

By this appeal, appellant Granville Lasseter challenges the trial court's order granting summary judgment that he take nothing on his action for damages against appellee Cochran County. Presenting one issue, Lasseter contends the trial court erred in granting Cochran County's motion for summary judgment because material issues of

fact were presented as to whether the County prevented him from redeeming property sold at a tax foreclosure sale. Based upon the rationale expressed herein, we affirm.

In November 1991, Lasseter owned six tracts of land in Cochran County. As material here, an onion warehouse was located on tract two. On February 22, 1996, Cochran County and other taxing entities recovered judgment for delinquent taxes owed and in due course, the court rendered judgment and a decree of sale. On May 2, 1996, the court issued an order of sale and on May 6, 1996, the sheriff seized the properties; however, Lasseter paid the delinquent taxes, penalties, and interest owing on tracts one, three, four, and five before the sheriff's sale. At a tax sale on June 4, 1996, tract six was sold to Walking X, Inc., but Lasseter redeemed it on December 17, 1996. Also, at the tax sale, Cochran County made the minimum bid on tract two which was "struck off" to the County.

By his original petition, Lasseter alleged that although he had made three attempts to redeem the three buildings located on tract two, the actions of the tax assessor/collector prevented his redemption efforts. Also, Lasseter alleged that he was prevented from removing (1) a large quantity of onions before they spoiled that he had already agreed to supply to a company, and (2) other personal property from that tract. He sought to recover damages resulting from the alleged wrongful actions of the tax assessor/collector. In response, in addition to a special exception contending that the petition failed to state a cause of action upon which relief could be granted, Cochran County generally denied

Lasseter's claims. Cochran County filed a combination traditional and no-evidence motion for summary judgment, and without indicating whether the traditional or no-evidence motion was granted or stating the grounds relied upon, the trial court signed final summary judgment on December 3, 2001.

By his sole issue, Lasseter contends the trial court erred in granting summary judgment because a material question of fact existed as to whether Cochran County prevented him from redeeming his property following foreclosure within the limitation period causing him to suffer damages. We disagree. Before we address the merits of Lasseter's issue, we first set forth the appropriate standards of review.

STANDARDS OF REVIEW
Traditional Motion

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be expressly presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Where, as here, a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

## No-Evidence Motion

4

Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a, Notes and Comments; Roth v. FFP Operating Partners, 994 S.W.2d 190,195 (Tex.App.--Amarillo 1999, pet. denied).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence

exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

We commence our analysis by focusing on the no-evidence motion for summary judgment. By its motion, Cochran County asserted:

- Lasseter can produce no evidence in support of his claim that Cochran County denied him the right to redeem his property following the foreclosure sale. There is no evidence that Plaintiff sought to redeem his property or that he was denied any right of redemption.

- Lasseter can produce no evidence that Cochran County wrongfully deprived him of his personal property. There is no evidence that Cochran County wrongfully exercised dominion or control over Lasseter's personal property in denial of his rights to such property. There is no evidence that Cochran County deprived Lasseter of any personal property.

Lasseter timely filed a response to the motion for summary judgment; however, he did not identify whether it was in response to the traditional motion or no-evidence motion. Moreover, Lasseter did not present any objections to the summary judgment evidence submitted by Cochran County in support of its traditional motion and did not direct any objection or exception to the no-evidence section of the motion. More importantly, except for the fact that Lasseter's response was "verified" and he requested that the court consider it as summary judgment evidence, he did not respond to the no-evidence motion with any summary judgment proof. Thus, we must determine if Lasseter's "verified"

6

response can be considered as summary judgment evidence for purposes of the no-evidence motion.

In City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979), the Court held that pleadings "do not constitute summary judgment proof." Then, in Americana Motel, Inc. v. Johnson, 610 S.W.2d 143 (Tex. 1980), in upholding a summary judgment, the Court again held that sworn pleadings are not summary judgment evidence. *See also* Laidlaw Waste Systems (Dallas) v. Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995), (declining to modify the established rule that sworn pleadings do not constitute proper summary judgment evidence). Moreover, the sworn pleadings relied upon by Lasseter do not otherwise meet the requirements of Tex. R. Civ. P. 166a(f) because the alleged "verification" to the response does not demonstrate that the verification was based on Lasseter's personal knowledge or affirmatively show that he was competent to testify to the statements in the petition. Following the well established rule, we hold that the "verified" response does not constitute summary judgment evidence. Because Lasseter did not produce any evidence of probative force to raise a fact issue on the questions presented in response to the no-evidence motion, his sole issue must be overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

7

Do not publish.