NO. 07-02-0006-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 5, 2002



______________________________




GRANVILLE LASSETER, APPELLANT



V.



COCHRAN COUNTY, TEXAS, APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF COCHRAN COUNTY;



NO. 00-06-3648; HONORABLE ANDY KUPPER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.


 By this appeal, appellant Granville Lasseter challenges the trial court's order
granting summary judgment that he take nothing on his action for damages against
appellee Cochran County. Presenting one issue, Lasseter contends the trial court erred
in granting Cochran County's motion for summary judgment because material issues of
fact were presented as to whether the County prevented him from redeeming property sold
at a tax foreclosure sale. Based upon the rationale expressed herein, we affirm.

 In November 1991, Lasseter owned six tracts of land in Cochran County. As
material here, an onion warehouse was located on tract two. On February 22, 1996,
Cochran County and other taxing entities recovered judgment for delinquent taxes owed
and in due course, the court rendered judgment and a decree of sale. On May 2, 1996,
the court issued an order of sale and on May 6, 1996, the sheriff seized the properties;
however, Lasseter paid the delinquent taxes, penalties, and interest owing on tracts one,
three, four, and five before the sheriff's sale. At a tax sale on June 4, 1996, tract six was
sold to Walking X, Inc., but Lasseter redeemed it on December 17, 1996. Also, at the tax
sale, Cochran County made the minimum bid on tract two which was "struck off" to the
County. 

 By his original petition, Lasseter alleged that although he had made three attempts
to redeem the three buildings located on tract two, the actions of the tax assessor/collector 
prevented his redemption efforts. Also, Lasseter alleged that he was prevented from
removing (1) a large quantity of onions before they spoiled that he had already agreed to
supply to a company, and (2) other personal property from that tract. He sought to recover
damages resulting from the alleged wrongful actions of the tax assessor/collector. In
response, in addition to a special exception contending that the petition failed to state a
cause of action upon which relief could be granted, Cochran County generally denied
Lasseter's claims. Cochran County filed a combination traditional and no-evidence motion
for summary judgment, and without indicating whether the traditional or no-evidence
motion was granted or stating the grounds relied upon, the trial court signed final summary
judgment on December 3, 2001.

 By his sole issue, Lasseter contends the trial court erred in granting summary
judgment because a material question of fact existed as to whether Cochran County
prevented him from redeeming his property following foreclosure within the limitation
period causing him to suffer damages. We disagree. Before we address the merits of
Lasseter's issue, we first set forth the appropriate standards of review.

 STANDARDS OF REVIEW


Traditional Motion




 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.



 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate
at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]
1996, writ denied). Issues not expressly presented to the trial court by written motion,
answer, or other response shall not be considered on appeal as grounds for reversal. Tex.
R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary
judgment must be expressly presented in writing to the trial court. Casso v. Brand, 776
S.W.2d 551, 553 (Tex. 1989). Where, as here, a summary judgment does not specify or
state the grounds relied on, the summary judgment will be affirmed on appeal if any of the
grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston
[1st Dist.] 1990, no writ).

No-Evidence Motion


 Where a motion is presented under Rule 166a(i) asserting there is no evidence of
one or more essential elements of the non-movant's claims upon which the non-movant
would have the burden of proof at trial, the movant does not bear the burden of
establishing each element of its own claim or defense as under subparagraph (a) or (b). 
Rather, although the non-moving party is not required to marshal its proof, it must present
evidence that raises a genuine fact issue on the challenged elements. See Tex. R. Civ.
P. 166a, Notes and Comments; Roth v. FFP Operating Partners, 994 S.W.2d 190,195
(Tex.App.--Amarillo 1999, pet. denied). 

 Because a no-evidence summary judgment is essentially a pretrial directed verdict,
we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is
to ascertain whether the non-movant produced any evidence of probative force to raise a
fact issue on the material questions presented. Id. We consider all the evidence in the
light most favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799,
140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the
non-movant presents more than a scintilla of probative evidence to raise a genuine issue
of material fact. Fiesta Mart, Inc., 979 S.W.2d at 70-71. More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Havner, 953 S.W.2d at 711.

 We commence our analysis by focusing on the no-evidence motion for summary
judgment. By its motion, Cochran County asserted: 


 Lasseter can produce no evidence in support of his claim that
Cochran County denied him the right to redeem his property following
the foreclosure sale. There is no evidence that Plaintiff sought to
redeem his property or that he was denied any right of redemption.
 Lasseter can produce no evidence that Cochran County wrongfully
deprived him of his personal property. There is no evidence that
Cochran County wrongfully exercised dominion or control over
Lasseter's personal property in denial of his rights to such property. 
There is no evidence that Cochran County deprived Lasseter of any
personal property.


 

Lasseter timely filed a response to the motion for summary judgment; however, he did not
identify whether it was in response to the traditional motion or no-evidence motion. 
Moreover, Lasseter did not present any objections to the summary judgment evidence
submitted by Cochran County in support of its traditional motion and did not direct any
objection or exception to the no-evidence section of the motion. More importantly, except
for the fact that Lasseter's response was "verified" and he requested that the court
consider it as summary judgment evidence, he did not respond to the no-evidence motion
with any summary judgment proof. Thus, we must determine if Lasseter's "verified"
response can be considered as summary judgment evidence for purposes of the no-evidence motion.

 In City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.
1979), the Court held that pleadings "do not constitute summary judgment proof." Then,
in Americana Motel, Inc. v. Johnson, 610 S.W.2d 143 (Tex. 1980), in upholding a summary
judgment, the Court again held that sworn pleadings are not summary judgment evidence. 
See also Laidlaw Waste Systems (Dallas) v. Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995),
(declining to modify the established rule that sworn pleadings do not constitute proper
summary judgment evidence). Moreover, the sworn pleadings relied upon by Lasseter do
not otherwise meet the requirements of Tex. R. Civ. P. 166a(f) because the alleged
"verification" to the response does not demonstrate that the verification was based on
Lasseter's personal knowledge or affirmatively show that he was competent to testify to
the statements in the petition. Following the well established rule, we hold that the
"verified" response does not constitute summary judgment evidence. Because Lasseter
did not produce any evidence of probative force to raise a fact issue on the questions
presented in response to the no-evidence motion, his sole issue must be overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.