Beverly R. JACKSON, Appellant,

v.

FIESTA MART, INC., Appellee.

No. 03–98–00139–CV.

Court of Appeals of Texas,
Austin.

Oct. 29, 1998.

---

Joe James Sawyer, Austin, for Appellant.

Michael S. Wilson, Davis & Wilkerson, P.C., Austin, for Appellee.

Before YEAKEL, C.J., and JONES and B.A. SMITH, JJ.

JONES, Justice.

Appellant Beverly R. Jackson sued appellee Fiesta Mart, Inc. to recover damages for injuries received as a result of a slip and fall on Fiesta's premises. Fiesta filed a no-evidence motion for summary judgment under Tex.R. Civ. P. 166a(i) claiming that after adequate time for discovery, Jackson produced no evidence in support of an essential element of her dangerous-premises claim. The trial court granted Fiesta's motion on the basis that there was no evidence that Fiesta knew or should have known the liquid was on the floor. On appeal, Jackson asserts in a single point of error that the trial court erred in granting Fiesta's summary judgment motion. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Jackson was working as an employee of Fiesta in Austin when she slipped and fell on a spot of liquid on the floor at the end of a checkout stand. Nearly two years later, Jackson filed suit against Fiesta as a result of the fall, alleging that she fell because of an unreasonably dangerous condition. Fiesta is a non-subscriber under the Workers Compensation Act.

The parties exchanged discovery requests and responses from March 1995 through January 1997. During this period, Fiesta deposed Jackson. No other witnesses were deposed by either party. In October 1997, Fiesta moved for summary judgment under new Tex.R. Civ. P. 166a(i) on the grounds that there had been adequate time for discovery and that there was no evidence that Fiesta knew or should have known that the liquid on which Jackson slipped was on the floor before she fell.[1] Although not required by the rule, Fiesta attached to its motion excerpts from Jackson's deposition in support of its position. Jackson did not file a response to Fiesta's motion; therefore, the only summary judgment evidence before the court was Jackson's deposition testimony offered by Fiesta.

The trial court granted summary judgment pursuant to Tex.R. Civ. P. 166a(i) on the grounds mentioned above and rendered a take-nothing judgment against Jackson.

### DISCUSSION

Jackson contends the trial court erred in granting Fiesta's no-evidence motion for summary judgment simply because Jackson could not attribute knowledge of the spill to Fiesta. As support for her contention, Jackson argues that (1) it is improper for the trial court to grant summary judgment by default for lack of an answer when movant's proof is legally insufficient; (2) Fiesta, as movant, had the burden of proof to show that there was no genuine issue of material fact; and (3) her deposition testimony that she slipped on liquid on the floor during the course of employment and was injured as a result of the fall raised a fact issue. We disagree.

Rule 166a(i) of the Texas Rules of Civil Procedure provides as follows:

(i) **No–Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The

motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Tex.R. Civ. P. 166a(i).

▮ Two recent opinions issued by the San Antonio Court of Appeals state the applicable standard of review for no-evidence summary judgments: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Taylor–Made Hose, Inc. v. Wilkerson,* No. 04–97–01025–CV, slip op. at 4, —— S.W.2d ——, ——, 1998 WL 553443 (Tex.App.—San Antonio August 31, 1998, no pet. h.) (quoting *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. filed)); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous. L.Rev. 1303, 1356 (1998) (no-evidence summary judgment is essentially pretrial directed verdict). Like a directed verdict, then, the task of the appellate court is to determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented. The appellate court must consider all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered; every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *See Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 303–04 (Tex.1988); *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978); *Najera v. Great Atl. & Pac. Tea Co.,* 146 Tex. 367, 207 S.W.2d 365, 367 (Tex.1948); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 697–98 (Tex.1914) (quoting *Baltimore & Ohio R.R. v. Griffith,* 159 U.S. 603, 611, 16 S.Ct. 105, 40 L.Ed. 274 (1895)).

▮ A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative

---

1. Rule 166a(i) took effect September 1, 1997 and applies to any motions filed after that date.

evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* ―― U.S. ――, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Taylor–Made,* slip op. at 4, at ――.

 To prevail on her premises-liability claim, Jackson must prove that Fiesta failed to maintain a safe work place. The elements of a premises-liability cause of action are well established: (1) actual or constructive knowledge by the owner of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injuries. *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992) (citing *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292 (Tex.1983)). The employer's standard of care for employees is therefore the same as the standard of care for invitees generally. Accordingly, before Fiesta can be held to have breached its duty to maintain a safe work place, Jackson must show as a threshold issue that Fiesta knew, or after reasonable inspection should have known, of an unreasonably dangerous condition.

 Fiesta asserted in its motion for summary judgment that after an adequate time for discovery,[2] Jackson had produced no evidence that Fiesta had actual or constructive knowledge of the spill on the floor—an essential element of Jackson's claim. On appeal, Jackson argues that the trial court may not grant a summary judgment by default for lack of an answer or response when the movant's summary judgment proof is legally insufficient. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). Jackson's argument is technically correct when applied to a motion for summary judgment filed under Rule 166a(c). Fiesta's motion, however, was clearly a no-evidence motion under new Rule 166a(i), which shifts the burden of raising a genuine issue of material fact to the nonmovant. *See* Tex.R. Civ. P. 166a(i); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous. L.Rev. 1303, 1356 (1998) (mere filing of motion shifts burden to respondent to come forward with enough evidence to take case to jury). Further, the trial court's order granting summary judgment was based on the absence of evidence of actual or constructive knowledge, not on Jackson's failure to file a response. For these reasons, Jackson's first argument is without merit.

Jackson's second argument is that Fiesta, as movant, had the burden of proof to show that there was no genuine issue of material fact. This, however, is merely a variation of her first argument, which has already been rejected by this Court since it applies to a Rule 166a(c) and not a Rule 166a(i) motion.

 Finally, Jackson contends that her deposition testimony—that she slipped and fell while on duty because of liquid on the floor and was injured as a result of the fall—was sufficient evidence to raise a genuine issue of fact. We do not find any evidence in the record supporting Jackson's contention. To the contrary, Jackson testified that the liquid was at the end of the checkout stand possibly obscured by the baggage stand, that there was no bagger on duty, that Jackson herself could not see the spill, and that the spill probably would not have been noticeable by a person walking by the counter because the spill was close to the counter's base.

2. Jackson did not object that there was inadequate time for discovery, nor did she file a motion for continuance requesting additional time for discovery. While adequate time for discovery is required under Rule 166a(i), the issue of defining "adequate" is not before us.

Nor is there evidence showing that Fiesta was responsible for creating the condition or that any employee of Fiesta saw the spill or was aware of its existence. Jackson's testimony, without more, is insufficient to create a reasonable inference that the spill had been on the floor long enough to charge Fiesta with actual or constructive knowledge of its existence.

Jackson's point of error is overruled.

## CONCLUSION

Because Jackson failed to produce summary judgment evidence raising a genuine issue of material fact as required by Rule 166a(i), we affirm the trial court's summary judgment.