# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00167-CV

**John T. Allen, Sr., Appellant**

**v.**

**Hines Ranches of Texas, Inc., Appellee**

FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 14,456, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a suit concerning the breach of a contract for deed, the district court granted summary judgment in favor of Hines Ranches of Texas, Inc., finding James T. Allen, Sr. to be in material breach of the contract and denying Allen's counterclaims. Allen appeals the summary judgment claiming that Hines Ranches waived its right to forfeiture, that notice and opportunity to cure were required under the contract, that Hines Ranches breached the contract by not providing notice and opportunity to cure, and that fact issues exist regarding his counterclaims. We affirm the summary judgment because the contract contained an unambiguous non-waiver clause, the law in effect at the time the contract was formed did not require notice and opportunity to cure, and Allen failed to raise a genuine issue of material fact regarding any of the challenged elements of his counterclaims.

## BACKGROUND

In 1998, Allen entered into a contract for deed to purchase real property from Hines Ranches. At the time of purchase, Allen chose not to make the property his residence, allowing his son James to reside there for approximately two years.[1] When James moved, Allen's son Tommy began making the payments and planned to build a go-kart track on the property. Because the go-kart track concerned many of the residents of the subdivision, it prompted a number of calls to Hines Ranches. Initially, Hines Ranches sued to enjoin Allen from building and operating a go-kart track, an alleged violation of a restrictive covenant prohibiting nuisances. Subsequently, Hines Ranches amended its petition to seek a declaration that Allen was in material breach of the contract for deed. Allen countersued alleging: (1) Deceptive Trade Practice Act (DTPA) violations; (2) common-law fraud; (3) real-estate fraud; (4) negligent misrepresentation; and (5) breach of contract by Hines Ranches. The district court granted summary judgment in favor of Hines Ranches, declaring that Allen materially breached the contract and that his rights under the contract were terminated, and dismissing Allen's counterclaims. Allen brings this appeal.

## DISCUSSION

### *Breach of the Contract for Deed*

Allen first asserts that because material fact issues exist, the district court erred when it granted summary judgment and found as a matter of law that Allen had breached the terms of the contract for deed. The standard for reviewing a traditional summary judgment is firmly established:

---

[1] James lived in a small mobile home that has since been removed from the property.

2

(1) the movant must show there is no genuine issue of material fact and it is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant is taken as true; and (3) every reasonable inference is indulged in favor of the nonmovant, and any doubts are resolved in the nonmovant's favor. *See* Tex. R. Civ. P. 166a(c); *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When the judgment does not specify the grounds upon which summary judgment was granted, as is the case here, the judgment is affirmed on any meritorious ground raised in the motion. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

Hines Ranches offered two alternative grounds for establishing that Allen was in material breach of the contract: first, that Allen breached the contract by failing to pay late fees stemming from multiple late payments; and second, that Allen assigned the contract to his son Tommy without the consent of Hines Ranches, thereby violating the express terms of the contract.

Hines Ranches established, as a matter of law, that Allen breached the contract by failing to pay late fees stemming from multiple late payments. Allen contends that Hines Ranches waived its right to a late fee for any given month by accepting the late payment for that month without the late fee. In response, Hines Ranches points to this non-waiver clause in the contract:

> No delay by Seller [Hines Ranches] in enforcing any part of this contract shall be deemed a *waiver of any of Seller's remedies*. If Seller accepts any payment after its due date, the acceptance shall not be construed as a waiver of any other due date, shall not change any other due date, and *shall not waive any of Seller's rights or remedies*. (Emphasis added.)

3

Allen argues that the second sentence of the non-waiver clause only relates to future due dates. However, Allen cannot ignore the first sentence of the clause, which unambiguously states that *no delay* by Hines Ranches in enforcing any part of this contract shall be deemed a waiver of any of Hines Ranches' remedies. The contract allows Hines Ranches to collect a late fee when a payment was more than ten days late. It is uncontroverted that multiple late fees were never paid. Although Hines Ranches accepted late payments without the corresponding late fees, Allen still owed the late fees, and the first sentence of the non-waiver clause affords Hines Ranches the opportunity to collect the fees at a later date. Therefore, until the late fees were paid, Allen was in default under the contract.

Allen alleges that by accepting the late payments without the late fees, Hines Ranches waived the right to claim that Allen was in default for non-payment of those fees. In the absence of an unambiguous non-waiver clause, Allen would be correct. *See A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 676 (Tex. App.—Austin 2003, pet. denied). However, under this contract, as a matter of law Hines Ranches did not waive its right to collect the unpaid late fees. "Although non-waiver clauses may themselves be waived, they are generally considered valid and enforceable." *Id*. The existence of a waiver is ordinarily a question of fact for the jury but can become a question of law where the facts and circumstances are admitted or clearly established. *See Tenneco v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *Caldwell v. Callender Lake Prop. Owners Improvement Ass'n*, 888 S.W.2d 903, 910 (Tex. App.—Texarkana 1994, writ denied). Here, Allen admits to making multiple late payments without paying the associated late fees. In addition, the non-waiver clause permits Hines Ranches to seek its remedies under the contract despite any delay in doing so.

Therefore, the non-waiver clause, in conjunction with Allen's admissions, defeat the affirmative defense of waiver. We overrule Allen's first issue.[2]

In his second issue, Allen asserts that Hines Ranches was required to provide him with notice and opportunity to cure before refusing acceptance of the final two-months payments and seeking to cancel the contract. In addition, Allen countersued Hines Ranches claiming that, by not providing him with notice and opportunity to cure, it breached the contract. If Allen had used or planned to use the property as his residence, he would have been entitled to notice and opportunity to cure prior to forfeiture. *See* Act of June 17, 1995, 74th Leg., R.S., ch. 994, § 2, sec. 5.061, 1995 Tex. Gen. Laws 4982, 4982-83 (formerly codified as Tex. Prop. Code § 5.061) (seller must provide notice to purchaser who uses or plans to use the property as purchaser's residence). But Allen never used the property as his residence, nor did he ever plan to do so. Nevertheless, Allen contends that notice was statutorily required under section 5.064 of the property code because his son planned to use the property as his residence. *See* Tex. Prop. Code Ann. § 5.064 (West Supp. 2004) (outlining remedies available to and notice required by seller when purchaser defaults on executory contract).

Allen's argument is based on section 5.062 of the property code, which is the applicability section for the subchapter containing section 5.064. *See id.* § 5.062 (West Supp. 2004). Section 5.062 indicates that the notice required by section 5.064 applies only to transactions in which either the purchaser used the property as his residence or a "person related to the purchaser within the second degree by consanguinity or affinity, as determined under Chapter 573, Government

_____

[2] Our holding eliminates the necessity of reviewing the second ground urged in the motion for summary judgment, that Allen breached the contract by assigning it to his son.

Code," used or planned to use the property as a residence. *See id.* However, section 5.062 did not take effect until 2001. *See* Act of June 13, 2001, 77th Leg., R.S., ch. 693, §§ 3(a), (d) - (g), 2001 Tex. Gen. Laws 1319, 1328 (providing that section 5.062, formerly section 5.091, is effective as of September 1, 2001). Laws are generally presumed to operate prospectively unless it is explicitly clear that the legislature intended otherwise. *See Ex Parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981) ("If there is any doubt, the intention will be resolved against retrospective operation of a statute."). Therefore, section 5.062 does not apply to this contract because the legislature did not expressly provide so.

When Allen and Hines Ranches entered into the contract in 1998, section 5.061 determined the notice a seller attempting to enforce a forfeiture was required to provide to a buyer. *See* Act of June 17, 1995, 74th Leg., R.S., ch. 994, § 2, sec. 5.061, 1995 Tex. Gen. Laws 4982, 4982-83. Former section 5.061 contained no requirement for notice to a property owner when persons related to the purchaser might use the property as a residence. *Compare id.*, *with* Tex. Prop. Code Ann. § 5.062. Therefore, Hines Ranches was not required to provide Allen with notice. Under the statute in effect when this contract was signed, Allen must have used or intended to use the property as a residence before notice and opportunity to cure were required. Whether Allen's son planned to use the property as his residence is not relevant. We overrule Allen's second issue and affirm the dismissal of his counterclaim that Hines Ranches breached the contract by failing to give notice and opportunity to cure for the same reasons.

We hold that the grant of summary judgment in favor of Hines Ranches was proper on the ground that Allen failed to pay late fees. We also hold that Hines Ranches was not required

6

to provide Allen with notice and opportunity to cure before pursuing its right to forfeiture. We affirm the summary judgment as it pertains to the finding that Allen was in material breach of the contract and to the dismissal of Allen's counterclaim that Hines Ranches breached the contract.

### Allen's Counterclaims

Allen's final issue on appeal is that the district court erred when it dismissed his other four counterclaims. Hines Ranches asserted in its motion for summary judgment that there is no evidence to support Allen's counterclaims that Hines Ranches committed violations of the DTPA, common-law fraud, real-estate fraud, and negligent misrepresentation. A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). To raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative evidence as to every essential element on which the nonmovant would have the burden of proof at trial. *See id.*; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). When the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). The district court granted summary judgment dismissing all of Allen's counterclaims.

Initially, Hines Ranches challenged the reliance element of both the DTPA and statutory-fraud claims. To have an actionable claim under the DTPA, one must allege that the deceptive act occurred in connection with the purchase of goods or services. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649-50 (Tex. 1996). Likewise, a claim of statutory fraud involving real estate requires that a false representation be made for the purpose of inducing a person to enter into a contract and be relied on by that person in entering the contract. Tex. Bus. & Com. Code Ann. § 27.01 (West 2002). In this case, all of the alleged misrepresentations occurred after the initial transaction was completed.[3] Therefore, Allen could not have relied upon them in connection with the purchase of the land or his entry into the contract. Because Allen's response regarding the challenged element of reliance pertained only to events that occurred after the transaction was completed, it could not create a genuine issue of material fact as to either claim. Thus, the district court did not err by granting summary judgment as to Allen's DTPA and statutory-fraud counterclaims.

Allen also claimed that Hines Ranches' actions constituted common-law fraud and negligent misrepresentation. The elements of common-law fraud are: (1) a material representation was made; (2) it was false when made; (3) the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker intended that it be acted upon by the party; (5) the party acted in reliance; and (6) the party thereby suffered injury.

---

[3] The alleged misrepresentations involved here are statements Hines Ranches' agents made relating to whether a commercial enterprise could legitimately operate on the land. The statements were made in response to questions from Allen and Tommy regarding the building of a go-kart track on the property. It is undisputed that these questions did not arise until nearly two years after the contract was executed.

*Eagle Props. Ltd. v. Scharbauer*, 807 S.W.2d 714, 722-23 (Tex. 1990). The elements of the tort of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n of Tyler v. Sloan*, 825 S.W.2d 439, 442 (Tex. 1991). Hines Ranches challenged all the elements required of both claims, but we need address only one—the final element, requiring a showing of injury for common-law fraud and a showing of pecuniary loss for negligent misrepresentation. *See Holmstrom*, 26 S.W.3d at 530. Allen did not respond to Hines Ranches' contention that there is no evidence that the alleged misrepresentation did or will cause any injury or pecuniary loss to Allen. All of the representations in question concerned whether the property could be used for a commercial purpose and whether Tommy could build the go-kart track. Hines Ranches has stipulated that no restriction exists regarding the commercial use of the property. Hines Ranches' action does not seek a declaration that Allen is in breach of the use restrictions on the property because Allen is using it for commercial purposes; rather, Hines Ranches alleges that Allen's use of the property is a restricted nuisance. There is no evidence that Allen suffered any injury or pecuniary loss as a result of his reliance on any representations made by Hines Ranches. Thus, summary judgment on the common-law fraud and negligent misrepresentation claims was proper.

We therefore overrule Allen's final issue.

## CONCLUSION

We conclude that Hines Ranches established that no fact issues are present with regard to Allen's failure to pay multiple late fees. In addition, we conclude that notice and opportunity to cure were not required and thus Hines Ranches did not breach the contract by pursuing its remedies without providing Allen with notice and opportunity to cure. Therefore, the grant of summary judgment declaring Allen to be in material breach, while simultaneously declaring that Hines Ranches did not breach the contract, was proper. Similarly, the district court did not err by granting Hines Ranches' motion for summary judgment dismissing Allen's counterclaims. Hines Ranches challenged an essential element of each of the counterclaims and Allen failed to raise a genuine issue of material fact with regard to any of the challenged elements. Summary judgment was properly granted and the judgment of the district court is affirmed.

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   December 11, 2003

10