NO.
12-05-00109-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CURTIS RAY WOLF,           §          APPEAL
FROM THE 114TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

JAMES KIT SHEMWELL,

FEDERAL FREIGHT SYSTEMS, INC.    §          SMITH COUNTY,
TEXAS

AND TCT LEASING &
RENTAL, INC.,

APPELLEES 

 

 



MEMORANDUM OPINION

            Curtis Ray
Wolf appeals the trial court’s summary judgment entered in favor of James Kit
Shemwell and Federal Freight Systems, Inc. (collectively “Appellees”).  Wolf raises two issues on appeal.  We affirm.

Background

            Wolf
is an inmate proceeding pro se.  Wolf was
a passenger on a bus operated by the Texas Department of Criminal Justice–Institutional
Division.  Wolf was injured when the bus
on which he was a passenger collided with a tractor trailer.  Shemwell, the driver of the tractor trailer,
was attempting to execute a left turn when the bus struck the tractor trailer.  The tractor was owned by Federal. 

            Wolf
filed suit on January 9, 2004 against Appellees alleging causes of action for
negligence, respondeat superior, liability based upon either actual or apparent
authority, negligent entrustment, negligent retention, negligent hiring,
negligent supervision, negligent failure to control, and negligent failure to
restrict Shemwell’s access to normal business hours.[1]








 
On December 20, 2004, Appellees filed a no evidence motion for summary
judgment, to which Wolf responded.  Wolf
also filed a traditional motion for summary judgment.  On January 14, 2005, the trial court granted
Appellees’ no evidence motion.  This
appeal followed.

 

Adequacy of
Briefing

            In
his first issue, Wolf contends that the trial court improperly granted
Appellees’ no evidence motion for summary judgment.  In his second issue, Wolf contends that the
trial court erred in failing to rule on his motion for summary judgment. 

            A
pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure.  Strange v. Cont'l Cas. Co., 126
S.W.3d 676, 677 (Tex. App.–Dallas 2004, no pet.).  On appeal, as at trial, the pro se appellant
must properly present its case. Id. at 678.  To properly present a case on appeal, the
appellant's brief must contain a clear and concise argument for the contentions
made with appropriate citations to authorities. 
See Tex. R. App. P.
38.1(h).  

            In
the case at hand, to defeat Appellees’ no evidence motion for summary judgment,
Wolf was required to present evidence supporting his causes of action for
negligence, respondeat superior, liability based upon either actual or apparent
authority, negligent entrustment, negligent retention, negligent hiring,
negligent supervision, negligent failure to control, and negligent failure to
restrict Shemwell’s access to normal business hours.

            In
briefing his first issue, Wolf cites Texas Rule of Civil Procedure 166a(i),
which sets forth generally the requirements for no evidence motion for summary
judgment practice, and Jackson v. Fiesta Mart, Inc., 979 S.W.2d
68, 70–71 (Tex. App.–Austin 1998, no pet.). 
Jackson involved a claim for premises liability in which
the defendant prevailed on its no evidence motion for summary judgment.  Id. at 69.  The court of appeals affirmed the trial court’s
summary judgment.  Id. at
72.  Other than further articulating the
then-new no evidence practice,  Jackson has no bearing
on the substantive issues relevant to Wolf’s appeal.  Id. at 70–72.  

            We
next consider Wolf’s second issue of whether the trial court erred in failing
to rule on his motion for summary judgment. 
In briefing this issue, Wolf cites Texas Rule of Civil Procedure 166c,[2]
Texas Revised Civil Statutes, article 6701c-1,[3] White v.
Excalibur Insurance Co., 599 F.2d 50 (5th Cir. 1979), Price v.
Westmoreland,[4] Integral Insurance Co. v.
Lawrence Fulbright Trucking, Inc., 930 F.2d 258, 260 (2nd Cir. 1991),
and 49 U.S.C.A. § 14102(a)(4).  

            We
have reviewed 49 U.S.C.A. § 14102(a)(4), White, and
Integral Insurance Co., none of which bear any relation to the
issue of whether a trial court must rule on a party’s motion for summary
judgment having already signed a judgment disposing of all issues.  While Rule 166a(c) sets forth under what
circumstances a trial court shall grant a motion for summary judgment, Rule
166a(c) presupposes that the issues to which the motion pertains are yet
unresolved.  See Tex. R. Civ. P. 166a(c); see also Tex. R. Civ. P. 166a(a).  Thus, Rule 166a(c) does not offer any support
for Wolf’s second issue.

            We
have little latitude on appeal and cannot remedy deficiencies in a litigant's
brief.  See Green v. Kaposta,
152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.).  We further have no duty to perform an
independent review of applicable law to determine whether the error complained
of occurred.  Id.  Therefore, since Wolf failed to adequately
brief his first and second issues on appeal, he has waived the error, if any,
of which he complains.  Id.;
see also Tex. R. App. P.
38.1(h).  Wolf’s first and second issues
are overruled.

Disposition

            Having
overruled Wolf’s first and second issues, we affirm the
trial court’s judgment.  All pending
motions are overruled as moot. 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered June 30, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

(PUBLISH)











[1]
Appellant named TCT Leasing & Rental, Inc. as a defendant, but failed to
serve TCT with process.





[2]
We assume Appellant intended to cite Texas Rule of Civil Procedure 166a(c)
inasmuch as Rule 166(c) relates to the trial court’s discretion to direct the
attorneys for the parties to appear at a conference to consider a discovery
schedule.  See Tex. R. Civ. P. 166(c).





[3]
Article 6701c-1 was repealed by Acts 1995, 74th Leg., ch. 165, § 24(a), eff.
Sept. 1, 1995 and Acts 1995, 74th Leg., ch. 704, § 31(a)(11), eff. Sept. 1,
1995.  Section 1 of Acts 1995, 74th Leg.,
ch. 165, repealing Article 6701c-1, adopts the Transportation Code.  Texas Transportation Code, chapter 641, which
corresponded to Article 6701c-1, was repealed. 
See Acts 1997, 75th Leg., ch. 165, § 30.148, eff. Sept. 1, 1997.





[4]
The cite Wolf supplied for Price v. Westmoreland, 787 F.2d 494,
495–96 (5th Cir. 1984), is incorrect.  We
are unable to locate such a case.  See
Tex. R. App. P. 38.1(h).