Opinion issued December 18, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00225-CV






VICTORIA M. CRUZ, Appellant


V.


HOUSTON GENERAL INSURANCE COMPANY, Appellee






On Appeal from County Court at Law No. 2

Brazoria County, Texas

Trial Court Cause No. CI034077






MEMORANDUM OPINION


 In this appeal from the denial of supplemental income benefits, appellant,
Victoria M. Cruz challenges the trial court's order granting summary judgment in
favor of appellee, Houston General Insurance Company (HGIC). In three issues,
Cruz argues that (1) she is entitled to supplemental income benefits (SIBs); (2) the
carrier is not relieved from liability for supplemental income benefits because she
failed to submit a timely application; and (3) the trial court erred in rendering
judgment without taking the Texas Labor Code into consideration. 

 We affirm.

Background


 Cruz injured her lower back on June 16, 1996, while working for Gulf Coast
Regional Blood Center. HGIC is the workers' compensation carrier for Gulf Coast. 
As a result of her injury, Cruz had an impairment rating of 17%. (1) Cruz's doctor
released her to work full time on June 23, 1998. Cruz stated that when she returned
to work she had the same job title as before she got injured and that she earned more
money when she returned to work. She agreed that March 14, 1999 was her last day
with Gulf Coast and that she moved because her husband found a job in Kentucky. 

 Cruz first filed an application for SIBs for the first quarter of 1999 on July 16,
1999. On July 19, 1999, the Texas Worker's Compensation Commission (TWCC) (2)
provided notice that Cruz was not entitled to SIBs for the first quarter (July 27, 1999
through October 25, 1999). TWCC denied SIBs because "no good faith effort and
not a direct result. JC resigned from current employer & no medical or job searches
submitted." Although the notice provided that Cruz had to request a benefit review
conference to dispute the decision that she was not entitled to SIBs for the first
quarter, the record does not show that Cruz attempted to appeal TWCC's denial of
SIBs. (3) 

 In October 2004, Cruz applied for SIBs for quarters two through twenty. On
December 13, 2004, Cruz and HGIC participated in a benefit review conference (4) to
mediate disputed issues, but the parties were unable to reach an agreement. On
February 9, 2005, the parties participated in a contested case hearing in which they
stipulated that (1) Cruz's applications for SIBs (5) for quarters 2 through 20 were first
received by HGIC on November 2, 2004; (6) (2) 401 weeks from June 16, 1996 (the date
of Cruz's injury) falls on February 20, 2004; and (3) Cruz's earnings during the sixth
quarter qualifying period were less than 80 percent of her average weekly wage. (7) A
TWCC hearing officer concluded that Cruz was not entitled to SIBs for quarters one
through six because Cruz returned to work doing the same "pre-injury job and making
more than her pre-injury wage." The hearing officer also concluded that HGIC was
relieved from liability for SIBs for quarters two through twenty because Cruz did not
timely file the SIB applications. Cruz appealed, and the TWCC appeals panel
affirmed the hearing officer's decision. 

 Cruz sought judicial review of the Appeals Panel's decision by filing suit in
county court on June 15, 2005. (8) In her original petition, Cruz argued that she wished
to "set aside the final decision of the Workers' Compensation Commission." She
specifically appealed the hearing officer's finding number one, that the "The Claimant
is not entitled to 1st, 2nd, 3rd, 4th, 5th, or 6th quarters of SIBs" and finding number
two, that the "Carrier is relieved of liability for SIBs for the 2nd through 20th quarters
since the Claimant failed to timely file her SIBs applications with the Carrier." HGIC
answered with a general denial. 

 HGIC then moved for summary judgment, arguing that (1) Cruz failed to
appeal specific findings from the hearing officer and all of the conclusions of law and
therefore, the appeals panel had to uphold the hearing officer's decision; (2) Cruz
could not meet the "direct result criterion" because she returned to work doing the
same job at a higher wage; and (3) Cruz was not entitled to SIBs for quarters two
through twenty because she did not request them in a timely manner. Cruz responded
to HGIC's motion for summary judgment and attached an affidavit stating that she
plans to introduce new evidence at trial, not introduced at the contested case hearing. 

 On September 18, 2006, the trial court signed an order granting HGIC's motion
for summary judgment. The trial court subsequently withdrew its order in response
to a motion filed by Cruz. (9) On February 16, 2007, the trial court signed a final order
granting HGIC's motion for summary judgment.

 Entitlement to SIBs


 Standard of Review

 When reviewing a traditional summary judgment, we take as true all evidence
favorable to the nonmovant and indulge every reasonable inference and resolve any
doubts in the nonmovant's favor. Limestone Prods. Distrib., Inc. v. McNamara, 71
S.W.3d 308, 311 (Tex. 2002). Summary judgment is proper when the movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979). A nonmovant will defeat a
no-evidence summary judgment motion if the nonmovant presents more than a
scintilla of probative evidence on each element of his or her claim. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.). More than a scintilla of
evidence exists when the evidence "rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions." Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). In a summary judgment hearing, the trial
court's decision is based on written pleadings and written evidence rather than live
testimony. See Tex. R. Civ. P. 166a(c).

 Direct Result of Injury

 In her first issue on appeal, Cruz argues that she is entitled to SIBs for quarters
one through six.

 HGIC sought summary judgment on Cruz's entitlement to SIBs because Cruz's
doctor released her for full-time employment on June 23, 1998, Cruz returned to her
pre-injury job, and she received the same pre-injury wage or more. HGIC argued that
section 408.142(a) of the Texas Labor Code and Rule 130.102(b) precluded Cruz
from receiving SIBs.

 A worker is entitled to SIBs if the following criteria are satisfied: (1) the
worker has an impairment rating of 15 percent or more; (2) the worker has not
returned to work or is earning less than 80 percent of the employee's average weekly
wage as a direct result of the impairment; (3) the worker has not elected to commute
a portion of the impairment income benefit under Section 408.128; (10) and (4) the
worker has attempted in good faith to obtain employment commensurate with the
employee's ability to work. See Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1,
sec. 408.142, 1993 Tex. Gen. Laws 987, 1186 (hereinafter referred to as Former §
408.142) (amended 2005) (current version at Tex. Lab. Code Ann. § 408.142(a)
(Vernon 2006)).

 Rule 130.102(b) provides

An injured employee who has an impairment rating of 15% or greater,
and who has not commuted any impairment income benefits, is eligible
to receive supplemental income benefits if, during the qualifying period,
the employee:


 (1) has earned less than 80% of the employee's average
weekly wage as a direct result of the impairment from the
compensable injury; and


 (2) has made a good faith effort to obtain employment
commensurate with the employee's ability to work.


28 Tex. Admin. Code § 130.102(b). (11)

 Here, HGIC attacks the second prong of former section 408.142 and the first
prong of Rule 103.102(b). HGIC's motion for summary judgment included evidence
showing that Cruz was released from her doctor on June 23, 1998 and that she
returned to her pre-injury job and received the same pre-injury wage or more, until
she resigned from her job and moved to Kentucky for her husband's new job. 
HGIC's evidence establishes as a matter of law that Cruz did not meet the eligibility
requirements found in section 408.142 and Rule 130.102(b)(1) to be entitled to SIBs
for quarters one through six because Cruz returned to work and she did not earn less
than 80 percent of her average weekly wage as a direct result of her impairment. See
Tex. Lab. Code Ann. § 408.142(a); No. 050677-s, 2005 WL 1382298 (Tex. Work.
Comp. Com. 2005) (holding that claimant who earned more than 80% of average
weekly wage did not meet criteria in section 408.142 and Rule 130.102(b)(1)). The
fact that Cruz left her job and moved to Kentucky was not a direct result of her
impairment. Rather, the undisputed evidence shows that she resigned from her job
because her husband found a job in Kentucky. Thus, the burden shifted to Cruz to
demonstrate a genuine issue of fact regarding her eligibility for SIBs for quarters one
through six.

 In her response, Cruz did not raise any evidence to show a genuine issue of
material fact. Cruz's affidavit, attached to her response to HGIC's motion for
summary judgment, stated, "At trial, I plan to introduce new evidence, not introduced
at the Contested Case Hearing. I plan to elaborate and clarify certain evidence which
was introduced at the Contested Case Hearing." On appeal, Cruz argues, "There are
genuine disputes of material facts as to the assertions of the Defendant in their
Motion for Summary Judgment, Section 4b, 4c, 4d, and 4e. The Plaintiff asserts that
all of these issues are based upon facts which this court has yet to have in evidence." 
Cruz also argues on appeal that 

 The plaintiff will establish at trial her efforts to communicate with
the TWCC and the Defendant to secure her benefits and why she has
cause for submitting her applications for Supplemental Income Benefits
past any deadlines set by the statute. These are all facts which are in
dispute and not allow for Summary Judgment. Clearly, the Plaintiff is
entitled to her jury trial de novo regarding her request to receive
Supplemental Income Benefits.


 Cruz's arguments and evidence do not raise a genuine issue of material fact on
her entitlement to SIBs for quarters one through six. Accordingly, we conclude that
the trial court properly granted summary judgment on her entitlement to SIBs for
quarters one through six.

 We overrule Cruz's first issue on appeal.

 Timely Application for SIBs

 In her second issue on appeal, Cruz argues that HGIC is not relieved from
liability for SIBs for quarters two through twenty because of her failure to timely file
the SIB applications.

 In its motion for summary judgment, HGIC argued that Cruz did not timely file
her application for SIBs for quarters two through twenty. The evidence showed that,
at the contested case hearing, the parties stipulated that Cruz's applications for SIBs
for quarters 2 through 20 were first received by HGIC on November 2, 2004. They
also stipulated that 401 weeks from June 16, 1996 fell on February 20, 2004. In
answers to interrogatories, Cruz admitted that she filed the SIB applications for
quarters 2 through 20 on October 29, 2004. 

 Section 408.083 provides that 

 (a) Except as provided by Subsection (b), an employee's
eligibility for temporary income benefits, impairment
income benefits, and supplemental income benefits
terminates on the expiration of 401 weeks after the date of
injury.

 

 (b) If an employee incurs an occupational disease, the
employee's eligibility for temporary income benefits,
impairment income benefits, and supplemental income
benefits terminates on the expiration of 401 weeks after the
date on which benefits began to accrue.


Tex. Labor Code Ann. § 408.083 (Vernon 2006).

 Rule 130.105 provides that 

 An injured employee who does not timely file an Application for
Supplemental Income Benefits with the insurance carrier shall not
receive supplemental income benefits for the period of time between the
beginning date of the quarter and the date on which the form was
received by the insurance carrier, unless the following apply:


 (1) the failure of the insurance carrier to timely mail the form
to the injured employee as provided by § 130.104 of this
title (relating to Determination of Entitlement or Non-entitlement for Subsequent Quarters); (12)

 

 (2) the failure of the commission to issue a determination of
entitlement or non-entitlement for the first quarter and the
quarter applied for immediately follows the first quarter;
or,

 

 (3) a finding of an impairment rating of 15% or greater in an
administrative or judicial proceeding when the previous
impairment rating was less than 15%.


28 Tex. Admin. Code § 130.105.

 Here, the undisputed evidence shows that Cruz filed her application for SIBs
for quarters two through twenty on October 29, 2004, at the earliest. The date of
quarter two was October 26, 1999 through January 24, 2000. The date of quarter
twenty was April 20, 2004 through July 19, 2004. At the contested case hearing, the
parties stipulated that 401 weeks from the date of injury was February 20, 2004. 
Thus, HGIC presented evidence that showed that Cruz did not timely file her SIB
applications as a matter of law. See No. 050280, 2005 WL 1248325 (Tex. Work.
Comp. Comm. 2005) (holding that claimant is not entitled to SIBs when application
was not timely). The burden thus shifted to Cruz to raise a genuine issue of material
fact.

 In response to HGIC's motion for summary judgment, Cruz did not raise a
genuine issue of material fact on whether her SIB applications were timely filed. 
Because Cruz waited until October 29, 2004 to file her applications for SIBs, HGIC
was relieved from liability for quarters two through twenty. 

 We overrule Cruz's second issue.

 Labor Code Section 410.258

 In her third issue on appeal, Cruz argues that the trial court should not have
rendered judgment without taking the Labor Code into consideration. Specifically,
Cruz contends that the trial court's order granting summary judgment did not comply
with section 410.258 of the Labor Code. 

 Section 410.258 of the Texas Labor Code provides,

 The party who initiated a proceeding under this subchapter or
Subchapter G must file any proposed judgment or settlement made by
the parties to the proceeding, including a proposed default judgment,
with the division not later than the 30th day before the date on which the
court is scheduled to enter the judgment or approve the settlement. The
proposed judgment or settlement must be mailed to the division by
certified mail, return receipt requested.


See Tex. Labor Code Ann. § 410.258 (Vernon 2006). 

 After the trial court rendered its order granting HGIC's motion for summary
judgment, Cruz filed a motion requesting that the trial court set aside its order
granting summary judgment because HGIC did not comply with section 410.258. 
Although HGIC did not initiate the proceedings, and thus it was not necessary for it
to comply with section 410.258, the trial court withdrew its order granting summary
judgment and issued an identical order on February 16, 2007. Because HGIC did not
initiate the proceedings, we conclude that it was not necessary for HGIC to comply
with section 410.258. Accordingly, Cruz's argument that the trial court's order is
void has no merit. 

 We overrule Cruz's third issue on appeal. 

Conclusion


 We affirm the trial court's order granting summary judgment in favor of HGIC.

 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hudson. (13)
1. An impairment rating is defined as "the percentage of permanent impairment of the
whole body resulting from the current compensable injury." 28 Tex. Admin. Code
§ 130.1(c)(1) (2000) (Impairment Income Benefits).
2. The TWCC is now known as the Texas Department of Insurance Division of
Workers' Compensation. See Tex. Lab. Code Ann. § 402.001(b) (Vernon 2006).
3. A decision of a hearing officer regarding benefits is final in the absence of a timely
appeal by a party and is binding during the pendency of an appeal to the appeals
panel. Tex. Lab. Code Ann. § 410.169 (Vernon 2006).
4. A benefit review conference is a nonadversarial, informal dispute resolution
proceeding designed to:


 (1) explain, orally and in writing, the rights of the respective parties
to a workers' compensation claim and the procedures necessary
to protect those rights; 

 

 (2) discuss the facts of the claim, review available information in
order to evaluate the claim, and delineate the disputed issues;
and

 (3) mediate and resolve disputed issues by agreement of the parties
in accordance with this subtitle and the policies of the
commission.


See Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec. 410.021, 1993 Tex. Gen. Laws
987, 1200. 
5. A worker is entitled to SIBs if the following criteria are satisfied: (1) the worker has
an impairment rating of fifteen percent or more; (2) the worker has not returned to
work or is earning less than eighty percent of the employee's average weekly wage
as a direct result of the impairment; (3) the worker has not elected to commute a
portion of the impairment income benefit under Section 408.128; and (4) the worker
has complied with the requirements adopted under Section 408.1415. Tex. Lab.
Code Ann. § 408.142(a) (Vernon 2006).
6. At this stage of the proceedings, Cruz was assisted by a TWCC ombudsmen. On
appeal, she is pro se.
7. A written stipulation or agreement of the parties that is filed in the record or an oral
stipulation or agreement of the parties that is preserved in the record is final and
binding. Tex. Lab. Code Ann. § 410.166 (Vernon 2006).
8. Section 410.251 allowed Cruz to seek judicial review. See Tex. Lab. Code Ann.
§ 410.251 (Vernon 2006).
9. Cruz's motion argued that the trial court's order was void because HGIC did not comply with
section 410.258 of the Labor Code. Section 410.258 of the Labor Code provides,


 The party who initiated a proceeding under this subchapter or Subchapter G
must file any proposed judgment or settlement made by the parties to the proceeding,
including a proposed default judgment, with the division not later than the 30th day
before the date on which the court is scheduled to enter the judgment or approve the
settlement. The proposed judgment or settlement must be mailed to the division by
certified mail, return receipt requested.


See Tex. Lab. Code Ann. § 410.258 (Vernon 2006). 


 Although HGIC did not initiate the proceedings, the trial court withdrew its order granting
summary judgment and issued an identical order after the parties complied with this section.
10. It was undisputed that Cruz did not commute any portion of her impairment income
benefits. 
11. The Legislature has directed the TWCC to "adopt rules as necessary for the
implementation and enforcement of [the Worker's Compensation Act]." Tex. Lab.
Code Ann. § 402.061 (Vernon 2006).


 We construe the TWCC's administrative rules in the same manner as statutes, having
as our primary objective to give effect to the intent of the TWCC. See Rodriguez v.
Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999); Lewis v. Jacksonville Bldg.
& Loan Ass'n, 540 S.W.2d 307, 310 (Tex. 1976). Unless the rule is ambiguous, we
follow the rule's clear language. Rodriguez, 997 S.W.2d at 254; see RepublicBank
Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985).
12. To the extent that Cruz argues that she was excused from filing her SIBs applications
on time because HGIC did not send her the applications, we conclude that this
argument has no merit. The TWCC determined that Cruz was not entitled to SIBs for
the first quarter. To apply for SIBs for subsequent quarters, Cruz had the
responsibility of sending the application to HGIC. See 28 Tex. Admin. Code
§ 130.104(b); No. 050280, 2005 WL 1248325 (Tex. Work. Comp. Comm.) (holding
that once TWCC determined that claimant was not entitled to SIBs for first quarter,
claimant had to apply for subsequent quarter of SIBs in order for carrier to be required
to send application to claimant under Rule 130.4(b)).
13. The Hon. Harvey Hudson, retired Justice, Court of Appeals, First District of Texas
at Houston, participating by assignment.